PER CURIAM.
By this appeal from a final judgment of dissolution of marriage, the wife’s sole complaint is that the trial judge erred by only awarding her the sum of $37.50 per week rehabilitative alimony for one year. We agree and reverse.
The record reflects that this marriage of 20 years produced three children, one child having attained the age of majority since the trial of the cause. The husband is a skilled plumber and, during the three years prior to dissolution, earned in excess of $20,000 per year. At the time of the marriage, the wife was 15 years old, did not work outside of the home during the marital period, and thus had not attained any skills in the marketplace. An equitable division of the material assets accumulated during the marriage was entered by the trial judge which left each of the marital parties with approximately $20,000 cash. The wife was awarded possession of the marital home (with the privilege of paying the mortgage payments) until the youngest minor child attained majority or until the wife remarried. Child support in the sum of $50.00 per week for each child was directed to be paid by the husband.
The wife, who possessed no marketable skills at the time of dissolution, was confronted with expending a substantial portion of her share of the assets accumulated by the marital partners during their 20-year venture in pursuing educational opportunities to attain the necessary skills to enter the marketplace. Such skills were possessed and pursued by the husband during the marital venture.
Taking these factors into consideration, the cause is reversed[1] with directions that the judgment appealed be amended to direct the husband to pay $37.50 per week rehabilitative alimony to the wife for a period of two years from the 23rd day of February, 1976, that being the date of the final judgment.
McCORD, C. J., and RAWLS and SMITH, JJ., concur.

. Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974).